Atlean TYSON, et al., Plaintiffs,

v.

EQUITY TITLE & ESCROW CO.
OF MEMPHIS, LLC, et al.,
Defendants.

Renee Echols, et al., Plaintiffs,

v.

A USA Mortgage Corp.,
et al., Defendants.

Civ. Nos. 00–2559 D/A, 01–2033 D/A.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 26, 2003.

Margaret R. Barr–Myers, Esq., Webb A. Brewer, Esq., Sapna V. Raj, Lucille F. Bond, Esq., David Rodney Scruggs, Memphis Area Legal Services, Inc., Richard B. Fields, Esq., Law Office of Richard B. Fields, Memphis, TN, for Plaintiffs.

John W. Campbell, Esq., Nanette L. Wesley, Esq., John S. Golwen, Esq., Husch & Eppenberger, LLC, Leo Maurice Bearman, Jr., Esq., R. Alan Pritchard, Jr., Esq., Baker, Donelson, Bearman & Caldwell, Memphis, TN, A. William Loeffler, Troutman Sanders, Atlanta, GA, Jim N.

Raines, Esq., Jonathan C. Hancock, Charles Wesley Fowler, Glankler Brown, PLLC, John R. Branson, Esq., Branson & Bearman, Jackie Brown, W. Timothy Hayes, Jr., Esq., Jeannie M. Kosciolek, Chapman Sellers Morrow, The Hardison Law Firm, Darryl D. Gresham, Esq., Richard S. Wade, Neely, Green, Fargarson, Brooke & Summers, Richard Glassman, Esq., R. Douglas Hanson, Esq., Glassman, Edwards, Wade & Wyatt, P.C., Robert F. Uhlmann, Esq., Cochran, Uhlmann, Abney, Duck & Wright, Henry L. Klein, Esq., Apperson, Crump, Duzane & Maxwell, Bruce M. Smith, Esq., Apperson Crump & Maxwell, PLC, Timothy W. Smith, Esq., Law Office of Timothy W. Smith, James R. Newsom, III, Esq., Hanover, Walsh, Jalenak & Blair, James L. Kirby, Esq., Michelle M. Drake, Harris, Shelton, Dunlap, Cobb & Ryder, J. Kimbrough Johnson, Esq., Craig C. Conley, Thomason, Hendrix, Harvey, Johnson & Mitchell, Alexander W. Wellford, Jr., Esq., Humphreys, Dunlap, Wellford, Acuff & Stanton, P.C., Larry A. Weissman, Esq., Law Offices of Larry A. Weissman, Anthony Charles Pietrangelo, John J. Cook, Esq., Bill M. Wade, Pietrangelo Cook, Memphis, TN, for Defendants.

James Allen, Memphis, TN, pro se.

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO DISQUALIFY THE HARDISON LAW FIRM

DONALD, District Judge.

Before the Court are the objections of Atlean Tyson, Mae O. McGee, Barbara Pegues and Michael Pegues, Thelma James, Renee Echols, Ulrica Johnson, Willie D. Johnson, and Linda Haynes and Bobby Haynes ("Plaintiffs") to the magistrate judge's Order Denying Motion to Disqualify the Hardison Law Firm ("Order"). Plaintiffs maintain that the magistrate judge erred by finding that (1) Plaintiffs do not have standing to file the disqualification motions and (2) the circumstances did not suggest any ethical difficulty for the Hardison Law Firm. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court **AFFIRMS** the magistrate judge's Order.

## I. BACKGROUND[1]

Plaintiffs have sued various defendants, including Barbara Sparks ("Sparks") for alleged predatory lending practices in connection with the sale of residences to Plaintiffs. She is a defendant in both the above-styled civil cases ("*Tyson*" and "*Echols*"). During the time relevant to Plaintiffs' *Tyson* claims, Sparks was a real estate broker who had a Real Estate Agents and Brokers Errors and Omissions insurance policy with Frontier Insurance Company ("Frontier"). No insurance coverage exists for Sparks for her alleged violations in the *Echols* case.

From the events forming the basis of both *Echols* and *Tyson*, Sparks could be subject to criminal prosecution. In 2001, Sparks entered into a specialized immunity agreement with the government, which was confirmed by a letter. The letter stated that in a potential prosecution of Sparks, the government would not offer in evidence any statements made by Sparks "in connection with discovery in the civil rico [sic] lawsuit filed against her." The government did reserve use of Sparks's testimony for several uses, including cross-examination in future prosecution or pursuit of other evidence.[2]

---

1. Facts are taken from Plaintiffs' Motion to Disqualify the Hardison Law Firm From Representation of Defendant Barbara Sparks and Response of Defendant, Barbara Sparks, to the Plaintiffs' Motion to Disqualify the Hardison Law Firm.

2. The exceptions in the June 15, 2001 letter stated:

Frontier hired the Hardison Law Firm ("Hardison") to represent Sparks, under a reservation of rights, in the *Tyson* case. Hardison entered an appearance for Sparks in *Tyson,* but it did not initially represent her in the *Echols* case. On May 23, 2001, the date of her first deposition, Sparks was still unrepresented in the *Echols* case. On advice of Hardison as to her Fifth Amendment rights, Sparks refused to answer deposition questions pertaining to facts in both the *Tyson* and *Echols* cases. Sparks again pled the Fifth Amendment, on the advice of Hardison, in her second deposition taken on July 18, 2001. Eight days after the second deposition, Hardison filed a Notice of Appearance on behalf of Sparks in the *Echols* case. Hardison represents Sparks in both cases to date.

Plaintiffs moved to disqualify Hardison from representing Sparks on November 26, 2002. Plaintiffs' motion was referred by this Court to the magistrate judge. On January 31, 2003, the magistrate judge issued the Order, which denied Plaintiffs' motion to disqualify Hardison. Plaintiffs now object to the Order of the magistrate judge.

## II. STANDARD OF REVIEW

Title 28, Section 636(b)(1)(A) permits a judge to "designate a magistrate to hear and determine any pretrial matter pending before the court" except those matters that are dispositive. A district court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). When reviewing a magistrate judge's ruling made pursuant to 28 U.S.C. § 636(b)(1)(A), "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992).

## III. ANALYSIS[3]

■ Plaintiffs argue that the representation of Sparks under a reservation of rights creates a conflict of interest for Hardison. They assert that Hardison's contractual relationship with Frontier has impaired Hardison's loyalty to Sparks, and therefore Hardison should be disqualified. Under the Tennessee Rules of Professional Conduct, an attorney must decline to represent a client if a conflict of interest exists. Tenn. Sup.Ct. R. 8, R. Prof'l Conduct 1.7. If such a conflict arises after representation has been undertaken, the lawyer must withdraw representation. *Id.* 1.16(a) ("a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of the client if: (1) the representation will result in a violation of the Rules of Professional Conduct or other law ...").

■ Typically, the relationship between an insurance company and the attorney that it hires to defend an insured is

Notwithstanding paragraph two above [detailing future use of Sparks's testimony], the government may use: (a) information derived directly or indirectly from statements made by your client for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used in any prosecution of your client by the government; (b) for the purpose of stating a basis in fact at any hearing pursuant to Rule 11 of the *Federal Rules of Criminal Procedure,* any statements made by your client and all evidence obtained directly or indirectly from those statements, for the purpose of cross-examination should your client testify, or to rebut any evidence, argument or representations offered by, or on behalf of your client.
Order at 2.

3. For the purposes of this motion, the Court presupposes that Plaintiffs have standing to raise the issue of whether a conflict of interest exists between Sparks and Hardison.

that of principal and independent contractor. *Givens v. Mullikin ex rel McElwaney,* 75 S.W.3d 383, 393 (Tenn.2002). An insurance company clearly possesses no right to control the methods or means by which an attorney defends its insured. *Id.* at 394. The employment of an attorney by an insurance company to represent its insured does not impose upon that attorney any duty or loyalty to the insurance company that could impair the attorney-client relationship between the attorney and the insured. *Trau–Med of Amer., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 697 (Tenn. 2002); *see also* Tenn. Sup.Ct. R. 8, R. Prof'l Conduct 1.8(f) (holding that a lawyer may be paid from a third party source if the client consents and the arrangement does not compromise the lawyer's duty of loyalty to the client). Frontier has hired Hardison as outside counsel to represent Sparks. The mere existence of a relationship between Frontier and Hardison is not sufficient to create a conflict of interest.

Plaintiffs argue that the following set of facts, in addition to the mere existence of a relationship, exhibits a conflict of interest:

> Plaintiffs' attorneys offered not to collect a judgment against Defendants Sparks personally (Pls.' Mem. Supp. Mot. Disq. Ex. D); the U.S. Attorney's office twice offered immunity from criminal prosecution for any statements made by Defendant Sparks (Pls.' Mem. Supp. Mot. Disq. Exs. E and F); the unusual timing of Hardison's decision to represent Sparks in the *Echols* case (Pls.' Mem. Supp. Mot. Disq. at 2); Sparks' apparent desire to testify in this case as seen from her contacts with former clients (Pls.' Mem. Supp. Mot. Disq. Exs. G and H); and Hardison's questionable advice to Defendant Sparks to invoke the right to remain silent during depositions.

(Pls.' Mem. at 7 (footnote omitted).)

The Court has examined the circumstances surrounding Sparks' testimony. On September 19, 2003, this Court affirmed the order of the magistrate judge, which denied Plaintiffs' motion to compel Sparks' testimony. (*See* Order Denying Plaintiffs' Motion for Reconsideration of the Magistrate Judge's January 29, 2003 Order, on Compelling Barbara Sparks's Testimony.) Plaintiffs' motion was denied on the grounds that Sparks has not been given full immunity from criminal prosecution by the U.S. Attorney's Office. (*See id.* at 4.) Her status as only partially immune from criminal prosecution directly led to the conclusion that she may invoke her Fifth Amendment rights. (*See id.*) In light of the Court's determination, Hardison's advice to Sparks to invoke her right to remain silent is in her interest and reasonable. The Plaintiffs' allegations do not rise to a conflict of interest, in which Hardison has divided its loyalty between Frontier and Sparks.

Plaintiffs have not alleged sufficient facts to warrant disqualification. After reviewing the record and relevant law, the Court concludes that the magistrate judge's order is not clearly erroneous or contrary to law. Accordingly, the Court **AFFIRMS** the magistrate judge's Order Denying Motion to Disqualify the Hardison Law Firm.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the magistrate judge's Order is not clearly erroneous or contrary to law. Accordingly, the Court **AFFIRMS** the magistrate judge's Order Denying Motion to Disqualify the Hardison Law Firm.